BARNARD, P. J., and PRATT, J., concurred.

Judgment and order denying new trial affirmed, with costs.

---

In the Matter of Proving the Last Will and Testament of . ROBERT H. JOHNSTON, Deceased; MARY E. THEALL, Proponent, Appellant; MARY C. EAGLESTON, Contestant, Respondent.

*Instrument altering testamentary provisions — effect on a prior will of the destruction of the second instrument animo revocandi — testator's intention.*

A testator made and duly published a will, dividing his property among several persons; thereafter he made an instrument in the form of a will, which gave all his property to one of the beneficiaries under the first will. This second instrument was imperfectly published as a will, in that the testator declared to one of the subscribing witnesses thereto that it was a mere alteration of his will, and not that it was his will. This second instrument contained no clause revoking any former will, and the testator subsequently destroyed it, with the intention of revoking it and of giving effect to the first instrument as his will, but that intention was never manifested by any writing.

*Held*, that the first instrument should be admitted to probate *in toto* as the testator's last will and testament.

APPEAL by the proponent, Mary E. Theall, from a decree of the Surrogate's Court of Queens county, entered on the 26th day of April, 1892, declaring the instrument dated November 10, 1884, purporting to be the last will and testament of Robert H. Johnston, deceased, and offered for probate herein, to be null and void.

*Josiah T. Marean* and *Benjamin W. Downing*, for the appellant.

*Horace E. Deming*, for Mary C. Eagleston, contestant and respondent.

PRATT, J.:

The facts material to the decision of this case are not in dispute. Robert Johnston made a will dated November 10, 1884, which was duly published with all requisite formalities. He thereby devised the house in which he lived to his niece, Mary E. Theall, subject to certain charges, and bequeathed to her substantially all his personal property used in the house and about the grounds, together with a money legacy of $10,000. He bequeathed $1,000 to his sister Mary, and $1,000 to each of several other relatives, and gave, devised and bequeathed all the rest of his property to his brother William. Thereafter and during 1885, the testator drew up another paper, which he signed. He requested two witnesses to sign the same as subscribing witnesses. This paper purported to be and was in the form appropriate to a new and independent will, by which he gave, devised and bequeathed all his property to his niece, Mary E. Theall, and appointed her sole executrix thereof. The witnesses signed the same as requested. All formalities for the publication of this paper were observed, except the testator's declaration to both witnesses that it was his last will and testament. The findings in this particular are inconsistent. Those in the decision are to the effect that he declared this paper to be his last will and testament; but the findings on contestant's request are that the testator did not declare to one of the witnesses that the instrument was his last will and testament, but only declared that his purpose was to make a change in his will; and, again, that he declared the instrument " to be an alteration of his will." The instrument contains no clause revoking any former will. Subsequently, the testator destroyed this

second instrument with the intention of revoking it and with the intention of giving effect to the first instrument as his will, and that it "should stand" as his will; but that intention was never manifested by any writing. That paper was then in his possession uncanceled, and he then exhibited it to witnesses and declared his intention that it should stand as his will, deposited it in his safe and otherwise treated it as his only will. For aught that appears, he died under the belief, and I think we must so hold on these findings and on this evidence. No question of capacity arising, the learned surrogate has held that the second instrument was this man's last and independent will, and that it revoked the first one because it *altered* the disposition of his estate. He has also held that its destruction, under the circumstances hereinafter stated, did not revive or reinstate the former will. This second paper was drawn by the testator himself, and all that was done thereafter by him respecting both instruments was apparently without the advice of counsel and without knowledge of the technical rules governing such matters.

The first and perhaps vital question is this : Did this testator ever revoke the first will? If yes, then to what extent? It has been answered that he did revoke it *in toto* simply because the provisions of the second instrument were partly inconsistent with those of the first one. But that is not the turning point. Did he intend to revoke the first one *in toto* when he published the second one? Did he publish that document with that purpose? It may be conceded that if the case were to turn on the force of the paper alone, we should have a pretty close question to decide. But here stands the plain finding that he never declared it to be his last will at all to the witnesses, *i. e.*, to both of them. To one of them he declared it to be a mere alteration of his will, and not that it was his will or last will, or anything of that sort. It is, perhaps, fair upon these findings to say that he may have stated to the other witness that the instrument was his last will and testament; but on this finding, even if he did that, it was simply for the purpose of effecting an alteration in the first document. Here, then, we have a case upon these findings, where a man simply intended to alter his will by giving all his property to one of his formerly-chosen legatees, *i. e.*, to take nothing from her, but to take all from the others and give that thus

taken to this one. But, through failure to understand the technical requirements of law, he fails to observe certain forms, and thereby places himself in a false position; and we are now asked to hold that this mistake in that regard shall frustrate his intention respecting his property.

For my part I cannot so hold. This is not the first time that we have *declined* to allow forms to frustrate substance. Under the circumstances I feel bound to hold that the second instrument cannot stand as an independent last will and testament because it was not published as such. It was not declared to be a last will and testament to *both* subscribing witnesses and that is essential to give it force and effect as a last will and testament. It, therefore, follows that whatever else may have been its effect, there was no revocation of the first will in its entirety, either by implication or otherwise. What was then the force and effect of this second paper? It was designed and published as a mere alteration of the original will and nothing more. In that view it was at best a mere codicil to the original, and that involves the salvation, indeed the republication of the original in its entirety, but attests a coincident modification and revocation only of the inconsistent parts. But this case is peculiar in this: The will gave only a part of his property to Mary E. Theall. This second paper purported to give the whole of it to her. It is, therefore, especially plain that he never intended to take anything from her which was given by the original will. What he intended to do by the second paper was to confirm the whole of his original provision for her and then increase that provision. It was in no sense a change in the original so far as she was concerned, but an addition to it just as he might have done by a new legacy or devise. The publication of the second instrument was, therefore, not inconsistent with the first in this respect, and hence was not a revocation of the legacy to Mary E. Theall. On the contrary, it was a recognition and reaffirmation of that original provision *pro tanto* so far as it had any force and effect at all upon Mary E. Theall. It did by implication revoke the provisions of the original will so far as it related to other legatees and devisees. It may be possible, though I shall hold otherwise, that they have lost the benefit of its provisions on the theory that the destruction of the second instrument *animo revocandi*, was ineffectual to revive the clauses

which were there apparently revoked by implication. But I do not think that even that · result should follow, for the reason that the statute does not in terms apply to such a paper as this second instrument was. And besides that I have serious doubt if the testator's declaration to the witnesses to the second paper was sufficient to give it any force even as a codicil.

I shall, therefore, advise that the surrogate's decree be reversed and that the instrument dated November 10, 1884, shall be admitted to probate *in toto* as testator's last will and testament.

BARNARD, P. J., and DYKMAN, J., concurred.

Order refusing probate reversed and probate ordered with costs to parties out of estate.